MAGED v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. March 8, 1912.)

EXEMPTIONS (§ 48*)—WAGES.

One appointed receiver of a judgment debtor in proceedings supplementary to execution, with authority to sue, could not sue to recover money due the debtor as wages, representing the accumulation of a salary of less than $12 a week, which was exempt from execution.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 64–72; Dec. Dig. § 48.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Benjamin F. Maged, as receiver of Mary E. Williams, against the City of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry S. Schimmel (Jacob W. Block, of counsel), for appellant.
Archibald R. Watson, Corp. Counsel (Loyal Leale, of counsel), for respondent.

SEABURY, J. One Ziperwitz obtained a judgment against Mary E. Williams for $42.15. Plaintiff obtained a garnishee order, on the ground that Mary E. Williams, who was in the employ of the city of New York, was earning over $12 per week. Under this order the city paymaster accumulated from the earnings of Williams $42.15. Upon the application of Williams the garnishee order was vacated, on the ground that she was earning less than $12 per week. In proceedings supplementary to execution the city paymaster testified to having $42.15 in his possession, and an order was made by the City Court permitting the paymaster to pay this sum to the plaintiff. He did not avail himself of this permission. Upon motion, the plaintiff was appointed receiver of the property of Williams, and was authorized to sue. He sued the city of New York in this action to recover $42.15. Williams is not a party to the action, and no motion of interpleader was made.

The money in the hands of the defendant is salary of Mary E. Williams, and is the accumulation deducted from a salary of less than $12 per week. As such it was not subject to execution. Not being subject to execution, no action could be properly brought for its recovery. It is true that the plaintiff, as receiver of the property of Williams, represents Williams; but I think he only represents her for the purpose of suing to recover property which, if in Williams' possession, she could be compelled to apply on the judgment. If the money in the hands of the defendant was of this character, then no action was necessary, because it could have been reached by a third party order. It is to be borne in mind that the defendant made no claim to the fund. The plaintiff, realizing that he could not require the money to be paid to the sheriff, because it was exempt, now attempts by the indirect method of this action to do what he could not do directly.

In my judgment, the court below properly directed in favor of the defendant, and the judgment should be affirmed, with costs. All concur.